**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

No. 12-40058
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR SERNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1346-1

Before JONES, Chief Judge, and SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hector Serna appeals the nine-month sentence imposed by the district court following the revocation of his term of supervised release for possession of a firearm by a convicted felon; his sentence falls within the applicable guidelines range and below the statutory maximum. Although this court ordinarily reviews revocation sentences under the "plainly unreasonable" standard, *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011), we review for plain error because Serna failed to object to his sentence in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2008).

Although he argues that his sentence should be vacated because, inter alia, his violations were due to extenuating circumstances, Serna's sentence was fully consistent with the primary goal of a sentence on revocation, which is to sanction the violator for failing to abide by the terms of supervised release.  *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. ¶ 3(b); *see Miller*, 634 F.3d at 843 ("[T]he goal of revocation is to punish a defendant for violating the terms of the supervised release.").  He fails to show that his sentence is plainly erroneous. *Whitelaw*, 580 F.3d at 265.

AFFIRMED.